UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROLDAN,<br>　　　　Defendant. | Case No. 08-cr-00744-JF-1 (VC)<br><br>**ORDER DIRECTING DEFENDANT TO RESPOND**<br><br>Re: Dkt. Nos. 44, 57 |

　　　　Roldan filed a petition for a writ of mandamus challenging his classification as a noncitizen. As the Court explained in its February 12, 2018, order, under the relevant law in effect at the time that Roldan turned 18, the following criteria had to be met for a child born outside of the United States to be deemed a citizen: (1) both of the child's parents naturalized while the child was under 18 or, if the parents had legally separated, the parent having legal custody of the child naturalized; and (2) the child was residing in the United States "pursuant to a lawful admission for permanent residence" when the parent(s) naturalized or the child later began to reside permanently in the United States. Chapter 4 – Automatic Acquisition of Citizenship after Birth (INA 320), USCIS Policy Manual (Aug. 23, 2017), http://www.uscis.gov/policymanual/HTML/PolicyManual-Volume12-PartH-Chapter4.html [http://perma.cc/UTB8-5B97]; *see also* 8 U.S.C. § 1432(a) (repealed 2000).

　　　　In its opposition to Roldan's petition, the government states that there are no documents in the record to prove that either of Roldan's parents naturalized prior to his 18th birthday in 1997. That is incorrect. Roldan included with his petition his mother's voter registration card, dated June 28, 1996, which states that she is a citizen of the United States. Dkt. No. 44-1 at 17. The voter registration card also lists a different surname than his mother's 2002 passport. *Id.* It therefore appears possible that his parents had legally separated prior to Roldan's 18th birthday.

If that is the case, and if Roldan can establish criteria (2) above, then it appears Roldan is a citizen.[1]

Given this outstanding evidentiary question, the Court is not yet prepared to rule on Roldan's petition. Roldan has 56 days from the date of this order to file a reply to the government's opposition. If Roldan has evidence that his parents legally separated before his 18th birthday and that his mother had legal custody of him, he should be sure to include that with his filing. He also should include any additional evidence that his mother naturalized before his 18th birthday. If Roldan does not file a reply within 56 days of this order, his petition will be dismissed.

Separately, Roldan applied for naturalization in October 2000. Although the government is correct that this step would have been unnecessary had Roldan already become a citizen through his parents, Roldan may have been unaware of the laws governing derivative citizenship. Roldan has not submitted any evidence that his application was approved, but the government notes that Roldan may contact U.S. Citizenship and Immigration Services to request a copy of the letter approving or denying his application. If Roldan believes his application was approved, he should request documentation from Citizenship and Immigration Services that he can then present to Immigration and Customs Enforcement.

**IT IS SO ORDERED.**

Dated: December 13, 2018

VINCE CHHABRIA
United States District Judge

---

[1] Given the potential consequences of this petition, the government will be given leave to file a supplemental opposition to the petition to address the significance of the registration card that it inexplicably failed to address in its initial opposition brief, along with any additional evidence Roldan submits. The government's supplemental opposition should also address whether an evidentiary hearing is necessary to test the admissibility and authenticity of Roldan's evidence. The supplemental opposition must be filed within 21 days of Roldan's reply.